# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| KWAME OMABOE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 4:18-cv-01173-KOB-HNJ |
| | ) | |
| MATTHEW WHITAKER, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on October 16, 2018, recommending that this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Doc. 16). Kwame Omaboe ("petitioner") filed objections to the report and recommendation on October 26, 2018. (Doc. 17). Because the petitioner asserted the dates contained in the declaration of Bryan Pitman, filed in support of the government's motion for dismissal of this action, were incorrect, the magistrate judge allowed the government an opportunity to respond to the petitioner's assertions. (Doc. 18). After receiving an extension of time, the government filed a response on November 28, 2018. (Doc. 21).

On July 27, 2018, the petitioner filed a petition seeking to be released from custody pending his removal to Ghana. (Doc. 1). He asserted he had been

detained since June 12, 2017, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The government responded that the petitioner's order of removal became final on November 3, 2017; that he was scheduled for removal on August 17, 2018, on a commercial flight; and that the petitioner became combative when ICE officers attempted to have him board the flight. (Doc. 13 at 2-3). The government further stated the petitioner's removal is likely in the foreseeable future. (Doc. 21-1 at 2).

In his objections, the petitioner asserts he seeks to be removed from the United States lawfully and that ICE should produce evidence of the authenticity of his travel documents. (Doc. 17). The government responds that the petitioner's refusal to board a flight removes him from the protections of *Zadvydas*, and that the petitioner's challenge to the authenticity of his travel documents does not satisfy his burden of demonstrating removal is unlikely in the near future. By affidavit, Bryan Pitman states the Ghanaian consulate is renewing the petitioner's travel document and he is scheduled for removal in the near future. (Doc. 21-1 at 2).

While the petitioner has been detained for longer than six months, he has failed to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). The petitioner's admission he refused to board the last commercial flight on which he was scheduled "fails to 'provide good reason to

believe that there is not significant likelihood of removal in the reasonably foreseeable future.'" *Oladokun v. U.S. Atty Gen.*, 479 F. App'x 895, 897 (11th Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). *See also Linares v. Department of Homeland Security*, 598 F. App'x 885, 887 (11th Cir. 2015) (failure to board a plane extends removal period beyond the 90 days specified by *Zadvydas*); *Singh v. Sessions,* 2018 WL 2118433, *3 (N.D. Ala. May 8, 2018) (where petitioner acts to prevent his own removal, he is not entitled to relief under *Zadvydas*); *Bzeih v. Sessions*, 2018 WL 582437, *4 (N.D. Ala. Jan. 29, 2018) (statutory detention period can be extended if the detainee acts to prevent his removal); *Akande v. Hassell*, 2013 WL 5774953, *6 (N.D. Ala. Aug. 21, 2013) ("*Zadvydas* does not apply where a detainee who holds the keys to his freedom thwarts his removal by ... refusing to cooperate with ICE") (citation omitted).

The evidence before the court establishes that the petitioner manufactured objections to his travel documents in an effort to avoid removal. Because the petitioner remains in ICE custody caused by his own actions, the petitioner's objections are without merit and therefore **OVERRULED**.

Having considered the entire file in this action, including the report and recommendation *de novo,* the court **ADOPTS** the magistrate judge's report and

**ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

The court will enter a separate Final Order.

DONE and ORDERED this 12th day of December, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE